**Richard E. WILMSHURST,**
**Plaintiff—Appellant,**

v.

**Bill LOCKYER, Attorney General;**
**et al., Defendants—Appellees.**

**No. 06–16652.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Richard E. Wilmshurst, Angels Camp, CA, pro se.

Catherine Woodbridge, AGCA—Office of the California Attorney General, Sacramento, CA, FAX, Office of County Counsel, San Andreas, CA, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Richard E. Wilmshurst appeals pro se from the district court's judgment dismissing as untimely his 42 U.S.C. § 1983 action alleging that state and county employees violated his civil rights by unlawfully inspecting his property and by using evidence from the inspection to bring a state civil suit against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153 (9th Cir.2000), and we affirm.

The district court properly concluded that Wilmshurst's section 1983 action was barred by the applicable statute of limitations because the alleged facts underlying Wilmshurst's claim occurred in 2002 and 2003, and he filed his complaint in January 2006. *See Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004) (discussing one- and two-year statutes of limitations).

The district court properly concluded that the "continuing violation" doctrine was inapplicable because Wilmshurst did not plead facts demonstrating that defendants engaged in a pattern of unlawful conduct. *See Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir.2001) (stating that this court has repeatedly held that a mere continuing impact from past violations is not actionable).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.